**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STEVEN QUINN SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   26-00606 (UNA) |
| | ) | |
| DONALD JOHN TRUMP, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This action brought *pro se* is before the court on review of Plaintiff's complaint and application to proceed *in forma pauperis* (IFP).  For the following reasons, the court grants the IFP motion and dismisses the complaint.

Plaintiff, a resident of Merced, California, sues President Donald J. Trump based on the President's "responsibility to appoint" six members to the Federal Election Commission (FEC). Compl., ECF No. 1 at 4; *see* 52 U.S.C. § 30106(a) (establishing Commission composed of, among others, "6 members appointed by the President, by and with the advice and consent of the Senate"). Plaintiff posits that "[w]ith fewer than 6 [voting] members, the Commission is not composed," which "denies the People access to rights related to the Manner in which Elections should be conducted." *Id*.  He seeks a declaratory judgment "clarifying that the President of the United States of America has an unflagging obligation to ensure the FEC's composition" and an order compelling "the President [to] present qualified nominations to the Commission[.]" *Id*.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted).  A party

seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

The U.S. Constitution "limits the 'judicial power' of the United States to the resolution of 'cases' or 'controversies.' " *Gettman v. Drug Enforcement Admin.*, 290 F.3d 430, 432 (D.C. Cir. 2002) (quoting U.S. Const., Art. III, sec. 2, clause 1). "[S]tanding to invoke the authority of a federal court 'is an essential and unchanging part of the case-or-controversy requirement of Article III.' " *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The party invoking federal jurisdiction has "the burden of establishing" his "standing under Article III," *id*., by pleading "(1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (cleaned up). Federal courts lack "power to order relief to any uninjured plaintiff[.]" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 466 (2016) (Roberts, C.J., concurring)).

Plaintiff has satisfied none of the requirements of standing. His complaint raising "only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy," *Lujan*, 504 U.S. at 573-74, of which standing is a "core component," *id*. at 560. Because the "defect of standing is a defect in subject matter jurisdiction," *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987), this case will be dismissed by separate order.

_____/s/_____<br>TANYA S. CHUTKAN

Date:  June 29, 2026                    United States District Judge